UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



**FILED**

**SEP 1 6 2010**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

PUBLIC EMPLOYEES FOR ENVIRONMENTAL )
RESPONSIBILITY,                        )
2000 P Street, NW Suite 240            )
Washington, D.C. 20036                 )
                                       )
      Plaintiff,                       )    Case: 1:10-cv-01559
                                       )    Assigned To : Leon, Richard J.
      v.                               )    Assign. Date : 9/16/2010
                                       )    Description: FOIA/Privacy Act
                                       )
U.S. DEPARTMENT OF INTERIOR,           )    Date:  September 16, 2010
U.S. Geological Survey                 )
1849 C Street, NW                      )
Washington, D.C. 20240                 )
                                       )    **COMPLAINT**
      Defendant.                       )

## PRELIMINARY STATEMENT

1.    This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et*

    *seq.*, as amended, in order to compel the U.S. Geological Survey ("USGS") to disclose

    records withheld wrongfully after a FOIA request and subsequent appeal from Plaintiff.

    FOIA requires that federal agencies respond to public requests for documents, including

    files maintained electronically, in order to increase public understanding of the workings

    of government and access to government information.

2.    Plaintiff Public Employees for Environmental Responsibility ("PEER") is a non-profit

    organization with tax-exempt status dedicated to research and public education

1

concerning the activities and operations of the federal government. Plaintiff requested the subject records in order to learn about how the USGS and the U.S. Flow Rate Technical Group (FRTG) developed a scientific estimate of the rate of oil leaking from the BP Deepwater Horizon blowout in the Gulf of Mexico.

3.   On July 6, 2010, Plaintiff submitted a Freedom of Information Act request to the USGS regarding USGS contributions to the work of FRTG in estimating the leak rate from the Deepwater Horizon blowout.   USGS acknowledged receipt of the request on July 7, 2010.  On July 14, 2010, USGS FOIA Officer, David Newman, sent an email to Plaintiff's counsel suggesting that he believed the responsive records Plaintiff was requesting had already been published on various agency websites.  The same day, Plaintiff's counsel responded to Mr. Newman, indicating that Plaintiff was aware of the websites, but that that request concerned materials that were not yet publicly posted, including internal emails and communications between USGS and FRTG, as well as various FRTG reports containing estimates of the maximum oil leak rate.  Mr. Newman promptly indicated that "USGS is conducting a search for responsive records." Subsequently, USGS began posting documents related to the oil spill on its website's electronic reading room.  Mr. Newman contacted Plaintiff's counsel on several occasions, pointing her to the website for documents responsive to the request.  On August 18, 2010, Plaintiff filed an administrative appeal the constructive denial, indicating that USGS had only posted 7 emails to its website that were partially responsive and that the materials encompassed by the FOIA request contained hundreds of documents.  Subsequent to the appeal, USGS posted 19 additional documents to its reading room.  While the documents

2

were partially responsive to Plaintiffs FOIA request, there remain hundreds of responsive documents which the agency has not yet provided to Plaintiff or claimed an exemption for withholding.

4.      To date, USGS has not acknowledged or responded to Plaintiff's appeal regarding the partial denial of its July 6, 2010, FOIA request.

5.      USGS's conduct is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request.  USGS's conduct frustrates Plaintiff's efforts to educate the public regarding ongoing activities at USGS and is a violation of the FOIA.

6.      Plaintiff seeks a court order requiring USGS to produce immediately the documents sought in the July 6, 2010 FOIA request, as well as other appropriate relief.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

8.      This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

9.      This Court has the authority to award costs and attorneys' fees under 28 U.S.C. § 2412(d) and 5 U.S.C. § 552(a)(4)(E).

10.     Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(e), because the

Defendant resides in this district and a substantial part of the events and omissions which

gave rise to this action occurred in this district. Venue is also proper under 5 U.S.C. §

552(a)(4)(B).

## PARTIES

11.     Plaintiff PEER is a non-profit public interest organization, with its main office located

Washington, D.C., and field offices located in California, Colorado, Florida,

Massachusetts, New Mexico, New Jersey, and Tennessee.

12.     PEER is not a commercial enterprise for purposes of the fee waiver provisions of FOIA.

*See* 5 U.S.C. § 552(a)(4)(A)(iii). Among other public interest projects, PEER engages in

advocacy, research, education, and litigation relating to the promotion of public

understanding and debate concerning key current public policy issues, focusing on the

environment, public lands and natural resource management, public funding of

environmental and natural resource agencies, and ethics in government.

13.     Informing the public about these important public policy issues is central to PEER's

mission.  PEER educates and informs the public through news releases to the media,

PEER's web site www.peer.org, which draws between 1,000 and 10,000 viewers per day,

and PEER's newsletter which has a circulation of approximately 20,000, including 1,500

environmental journalists.

14.   Defendant USGS is an agency of the United States as defined by 5 U.S.C. § 552(f)(1), and is charged with the duty to provide public access to documents in its possession consistent with the requirements of the FOIA and is denying Plaintiff access to its records in contravention of federal law.

## FACTS

15.   On July 6, 2010, Plaintiff submitted a Freedom of Information Act request to the USGS regarding USGS contributions to the work of FRTG in estimating the leak rate from the Deepwater Horizon blowout.   Specifically, Plaintiff requested: "(1) all submissions by the USGS Director and staff to the FRTG and its constituent teams since April 10, 2010 (the date of the BP blowout); (2) all communications from the USGS Director and staff to members of the FRTG and its constituent teams, including e-mails, notes and minutes of conferences and conference calls; and (3) all FRTG reports containing estimates of the maximum oil leak rate from the Deepwater Horizon blowout."

16.   USGS acknowledged receipt of the request on July 7, 2010.

17.   On July 14, 2010, USGS FOIA/Privacy Officer, David Newman, sent an email to Plaintiff's counsel referring Plaintiff to a number of websites with publicly available information concerning the oil spill.

18.   The same day, Plaintiff's counsel informed Mr. Newman that Plaintiff was aware of the websites and that they did not contain any information that was responsive to its July 6, 2010, FOIA request.   Rather, Plaintiff's counsel explained that it sought materials that

5

were not yet publicly posted, including internal emails and communications between

USGS and FRTG, as well as various FRTG reports containing estimates on the maximum

oil leak rate.

19.   Mr. Newman subsequently responded that USGS was conducting a search for responsive

records.

20.   On July 19, 2010, Mr. Newman sent a letter confirming that the FOIA request was

received by his office on July 7, 2010 and assigned it #2010-0117.  The letter also

requested a 10-day working extension in order to respond to the request.

21.   On July 28, 2010, during a telephone conversation with Plaintiff's counsel, Mr. Newman

stated that the number of responsive records was voluminous and that the records would

be posted on the USGS website as they cleared.  In order to assist Mr. Newman in the

search, Plaintiff's counsel prioritized the list of documents sought in the July 6, 2010

FOIA request.

22.   USGS subsequently began posting documents related to the oil spill on its website's

electronic reading room.  Mr. Newman contacted Plaintiff's counsel on several occasions,

pointing her to the website for documents responsive to the request.

23.   On August 18, 2010, Plaintiff filed an administrative appeal the constructive denial,

indicating that as of August 18, 2010, USGS had only posted 7 emails to its website that

were partially responsive and that the materials encompassed by the FOIA request

contained hundreds of documents.

24.    To date, USGS has posted 19 additional documents to its electronic reading room.  While

these documents are partially responsive, there remain hundreds of documents which the

agency has not yet provided to Plaintiff or claimed an exemption for withholding.

25.    In addition, the USGS has not responded to or acknowledged Plaintiff's August 18, 2010,

appeal.  In so doing, USGS has failed to meet the twenty (20) day limit imposed by FOIA

for responding to an appeal. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

26.    Plaintiff has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C) for

its FOIA request, and now turns to this Court to enforce the remedies and public access to

agency records guaranteed by FOIA.

## CAUSES OF ACTION

### Count I: Violation of the Freedom of Information Act

27.    Plaintiff repeats the allegations in paragraphs 1 through 26.

28.    Plaintiff would draw attention to the January 21, 2009 memo by President Barack Obama

declaring the following policy:  "The Freedom of Information Act should be administered

with a clear presumption:  In the face of doubt, openness prevails.  The Government

should not keep information confidential merely because public officials might be

embarrassed by disclosure, because errors and failures might be revealed, or because

of speculative or abstract fears….All agencies should adopt a presumption in favor of

disclosure, in order to renew their commitment to the principles embodied in FOIA, and

to usher in a new era of open Government.  The presumption of disclosure should be

applied to all decisions involving FOIA."

29.    USGS's failure to disclose the requested documents is a violation of FOIA, 5 U.S.C. §

552, and the agency's own regulations promulgated thereunder.

## Count II: Violation of the Administrative Procedure Act

30.    Plaintiff repeats the allegations in paragraphs 1 through 26.

31.    USGS's failure to disclose documents responsive to Plaintiff's request constitutes agency

action unlawfully withheld and unreasonably delayed, in violation of the Administrative

Procedure Act (APA), 5 U.S.C. §§ 701-706. USGS's failure in this matter is arbitrary,

capricious, an abuse of discretion, not in accordance with the law and without observance

of procedure required by law, all in violation of the APA.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests and prays that this Court:

i.    Enter an Order declaring that the USGS has wrongfully withheld the requested agency

records;

ii.    Issue a permanent injunction directing the USGS to disclose to Plaintiff all

wrongfully withheld documents;

iii.    Maintain jurisdiction over this action until the USGS is in compliance with FOIA,

APA and every order of this Court;

iv.    Enter an Order declaring that Plaintiff is entitled to a full fee waiver under 5 U.S.C. §

552 (a)(4)(A)(iii) for Plaintiff's FOIA request to the extent that the USGS does not

provide a full fee waiver for Plaintiff's request.

v.     Award Plaintiff its attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

vi.    Grant such additional and further relief to which Plaintiff may be entitled.


Dated:  September 16, 2010

Respectfully submitted,

Paula Dinerstein
Senior Counsel
DC Bar No. 333971
Public Employees for Environmental Responsibility
2001 S Street, NW, Suite 570
Washington, D.C. 20009
(202) 265-7337

9